OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs.
Landlord commenced this holdover summary proceeding after terminating tenant’s tenancy in a Section 8 subsidized, project-based HUD-regulated premises, after a videotape monitor recorded tenant spray-painting graffiti on the wall of a stairway leading to the roof. Landlord alleged that tenant’s conduct constituted “criminal activity,” specifically, making graffiti (Penal Law § 145.60) and criminal mischief in the fourth degree (Penal Law § 145.00 [1]), and violated lease provisions forbidding defacing the premises and committing vandalism therein, and deeming criminal activity on the premises so substantial a lease violation as to amount to a material noncompliance therewith, entitling landlord to terminate the lease. After a nonjury trial, the Civil Court concluded that while tenant had committed the conduct alleged, landlord had failed to demonstrate that the conduct threatened the health, safety or right to the peaceful enjoyment of the premises of other residents, and dismissed the petition. Landlord appeals, and we affirm.
While the HUD-prescribed “model lease,” and two addenda thereto executed by tenant in 1995, explicitly provide that a single criminal act may constitute a “material noncompliance” with the lease and good cause for its termination, the provisions occur in relation to clauses barring drug-related activity and any criminality associated therewith, even if not directly based on conduct involving the possession, consumption or distribution of drugs. However, where not so associated, the criminal conduct must be of a nature that threatens the health or safety of other tenants or their peaceful enjoyment of the premises, and as the graffiti painting herein was apparently an isolated act and not drug-related, and as landlord failed to establish that the conduct threatened the health, safety or peaceful enjoyment of the premises of other tenants, the Civil Court properly dismissed the petition.
Accordingly, the final judgment is affirmed.